**James T. WALKER, Appellant**

v.

**Gina McCARTHY, Administrator, U.S. Environmental Protection Agency, Appellee.**

**No. 13–5138.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 7, 2014.

James T. Walker, Upper Marlboro, MD, pro se.

Rhonda C. Fields, R. Craig Lawrence, Ronald C. Machen, Jr., Esquire, U.S. At-

torney's Office, Washington, DC, for Appellee.

Before: GRIFFITH, KAVANAUGH, and MILLETT, Circuit Judges.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(e). It is

**ORDERED** and **ADJUDGED** that the judgment of the District Court be **AFFIRMED.**

James Walker is an environmental scientist at the Environmental Protection Agency's National Center for Environmental Assessment. He brought a discrimination suit after receiving an office-wide e-mail invitation to an event celebrating a colleague's same-sex wedding. Walker argues that the invitation and a series of e-mail exchanges that followed constitute discrimination, a hostile work environment, and failure to accommodate under Title VII of the Civil Rights Act because the expressions of support for same-sex marriage are contrary to his religious faith. He further argues that he suffered retaliation after engaging in protected activity under Title VII. The District Court correctly granted summary judgment to the Administrator.

To maintain Title VII claims for discrimination and retaliation, a plaintiff must show among other things that he or she suffered an "adverse employment action." *Baloch v. Kempthorne,* 550 F.3d 1191, 1196 (D.C.Cir.2008) (discrimination claims); *id.* at 1199 (internal quotation marks omitted) (retaliation claims). Under our precedents, Walker has not put forward suffi-cient evidence of any such adverse employment action. *See Douglas v. Donovan,* 559 F.3d 549, 552 (D.C.Cir.2009).

Hostile work environment claims require plaintiffs to demonstrate that they were subjected to "discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Ayissi–Etoh v. Fannie Mae,* 712 F.3d 572, 577 (D.C.Cir.2013) (citation and quotation marks omitted). In this case, neither the initial invitation nor the e-mails Walker received after announcing his objection to it rose anywhere close to that level.

To maintain an accommodation claim, many courts require a plaintiff to show that (1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; and (3) he or she was disciplined or suffered an adverse employment decision for failure to comply with the conflicting employment requirement. *See, e.g., Philbrook v. Ansonia Board of Education,* 757 F.2d 476, 481 (2d Cir.1985). We need not define the precise contours of the test here. For our purposes, it suffices to say that Walker has not put forward sufficient evidence that he was disciplined or otherwise suffered an adverse employment decision.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.CIR. R. 41.